[No. 24810-3-I. Division One. June 25, 1990.]

JACK W. GLENHAM, ET AL, *Appellants,* v. CATHERINE A. PALZER, *Individually and as Administrator,* ET AL, *Respondents.*

---

*Roger Leed,* for appellants.

*Christopher Wells, Pamela Edinger, Peter Dawson,* and *Lane Powell Spears Lubersky,* for respondents Michie and Stroman.

*Margaret A. Sundberg, P. Arley Harrel, Patrick C. Sheldon,* and *William, Kastner & Gibbs,* for respondents Murphy and Elgot.

SCHOLFIELD, J.—The issue presented in this appeal is whether a creditor who makes a full credit bid[1] in a nonjudicial foreclosure can recover from third parties losses sustained in the loan transaction. We hold that the prohibition against deficiency judgments set forth in RCW 61.24.100 is not a bar to an action against nonobligors. Accordingly, we reverse the trial court.

---

[1] A full credit bid is one for the full amount of the obligation owing on the secured transaction, together with the costs and fees due in connection with the foreclosure sale.

296

FACTS

In July of 1987, 15 plaintiffs filed a complaint in King County Superior Court naming 15 defendants. The complaint alleged violations of the Securities Act of Washington, the Consumer Protection Act, and theories of common law fraud, negligence, breach of fiduciary duty, and civil conspiracy.

The complaint alleged the existence of a scheme to defraud investors by getting them to invest in real estate loans which were inadequately secured and proceeds of loans were diverted to unauthorized uses. This alleged scheme operated through a corporation named Pacific Home Equity, Inc. (PHE).

The law firm of Murphy & Elgot (Thomas A. Murphy and Mark S. Elgot) was named as defendant. Another attorney, David L. Michie, and Nancy Stroman, a nonlawyer assistant of Michie's, were also named as defendants. The complaint alleged that Michie participated in the making of misrepresentations to investors and also acted as escrow agent for PHE brokered loan transactions and related real estate transactions.

The complaint charged Murphy & Elgot with knowledge of the scheme to defraud investors and with acting as attorneys bringing foreclosure proceedings on defaulted loans without making full disclosure to the plaintiffs.

Defendants made motions for summary judgment at various times. By order entered March 4, 1988, the trial court dismissed the claims of Mei Lan Lee against Murphy & Elgot, Granberg, and Palzer; and on May 11, 1988, the court dismissed the claims of nine plaintiffs against defendants Granberg, Palzer, Michie and Stroman. On August 19, 1988, the trial court dismissed the claims of Harold and Elizabeth Schierman against defendants Granberg, Michie, Stroman and Palzer.[2] Murphy & Elgot's motion for summary judgment was granted by a written

---

[2]While the notices of appeal include dismissals of Granberg and Palzer, they have not filed briefs in this court.

order entered September 27, 1988. These dismissals were all on the basis that the borrowers' obligations were all satisfied by plaintiffs making full credit bids at a nonjudicial foreclosure sale or accepting deeds to the secured property in lieu of foreclosure, relying on the provisions of RCW 61.24.100.[3]

## RCW 61.24.100

It is undisputed that the trust deeds involved in this case were foreclosed in nonjudicial foreclosures, or the properties were voluntarily deeded to the plaintiffs in lieu of foreclosure. The trial court apparently reasoned that since, under these facts, the secured obligation is satisfied, plaintiffs could not prove damages and, therefore, had no cause of action against the defendants. We disagree with the trial court on the application of RCW 61.24.100.

RCW 61.24.100 is a statute designed to protect obligors from deficiency judgments. Other provisions of the deed of trust act deny to obligors a right of redemption. RCW 61.24.050, RCW 61.24.030(6)(i). *See also Donovick v. Seattle–First Nat'l Bank*, 111 Wn.2d 413, 416, 757 P.2d 1378 (1988).

The nonjudicial foreclosure process has been construed as serving three basic objectives. Those are (1) an efficient and inexpensive foreclosure process, (2) adequate protections against wrongful foreclosure, and (3) promotion of the stability of land titles. *Cox v. Helenius*, 103 Wn.2d 383, 387, 693 P.2d 683 (1985). The provision for satisfaction of the obligation secured "regardless of the sale price or fair value" clearly is intended to benefit the obligor. RCW 61.24.100.

---

[3]Former RCW 61.24.100 provided: "Foreclosure, as in this chapter provided, shall satisfy the obligation secured by the deed of trust foreclosed, regardless of the sale price or fair value, and no deficiency decree or other judgment shall thereafter be obtained on such obligation. Where foreclosure is not made under this chapter, the beneficiary shall not be precluded from enforcing the security as a mortgage nor from enforcing the obligation by any means provided by law."

■ In this case, the defendants seeking to be immunized from liability by the statutory satisfaction of the secured debt are not obligors on the secured obligations. They are all third parties to the loan transaction. We find no indication in RCW 61.24.100 or related statutes of a legislative intent to allow strangers to the loan transactions to be protected by the antideficiency statute. Nor do we see where extending the application of the statute to nonobligors accused of tortious conduct and violation of unrelated statutes would serve any purpose consistent with our perception of the legislative intent. Failing to apply the antideficiency provisions to third persons does not offend any of the basic objectives of the deed of trust act. We therefore hold that the provisions of RCW 61.24.100 are not applicable to these defendants. The statutory language providing that foreclosure satisfies the obligation and prohibiting deficiency decrees on that obligation can reasonably be limited in its application on the facts of this case to the obligors on the secured loans.[4]

## MURPHY & ELGOT

■ Murphy & Elgot supported their motion for summary judgment, at least in part, by asserting that on the facts before the court, there was a complete insufficiency of evidence to make out a prima facie case against them. In ruling on a motion for summary judgment, the court must consider the evidence and all reasonable inferences therefrom in a light most favorable to the nonmoving party. When so considered, if reasonable people might reach different conclusions, the motion should be denied. *Jacobsen v. State,* 89 Wn.2d 104, 108–09, 569 P.2d 1152 (1977). Applying this test to the affidavits in this case, we conclude that material factual issues are present which cannot be resolved on the summary judgment record before us where

---

[4]We do not address the effect of RCW 61.24.100 on guarantors of secured obligations, *see* Koler, *Selected Problems in Realizing on Real Estate Collateral,* Washington State Bar Ass'n Reference Book, at 14–5 (1983), nor to actions against obligors for indemnification.

the trial court's ruling was based exclusively on RCW 61.24.100.

The summary judgments appealed from are reversed, and this case is remanded for further proceedings.

SWANSON and BAKER, JJ., concur.