

2014 FEB 18 AM 9: 41

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| WASHINGTON FEDERAL, a federally chartered savings association, | ) ) ) | No. 69791-9-I |
| | ) | DIVISION ONE |
| Appellant, | ) ) | |
| v. | ) ) | |
| LANCE HARVEY, individually and the marital community comprised of LANCE HARVEY and JANE DOE HARVEY, husband and wife, | ) ) ) ) ) | UNPUBLISHED |
| | ) | FILED: February 18, 2014 |
| Respondents. | ) ) ) | |

COX, J. — The Deeds of Trust Act generally prohibits an action for a deficiency judgment against a guarantor of a loan following a trustee's sale under a deed of trust securing that loan.[1] In Washington Federal v. Gentry, we held that RCW 61.24.100(10) does not bar an action for a deficiency judgment after a trustee's sale against a guarantor for a certain type of commercial loan if the deed of trust secures the guaranty.[2]

---

[1] RCW 61.24.100(1).

[2] Washington Federal v. Gentry, No. 70004-9, slip op. at 12-13 (Wash. Ct. App. Feb. 18, 2014).

Washington Federal commenced this action for a deficiency judgment against Lance Harvey and his wife. Lance Harvey executed a guaranty of payment for a commercial loan to Kaydee Gardens 9 LLC. Based on its reading of RCW 61.24.100, the trial court granted the Harveys' motion for summary judgment, dismissing this action. Because the trial court erred both in its interpretation of this statute and its application of the statute to relevant loan documents, we reverse and remand for further proceedings.

In 2007, Kaydee Gardens 9 LLC obtained a loan from Horizon Bank. This loan was evidenced by a promissory note that was secured by a July 11, 2007 deed of trust. Harvey executed a commercial guaranty of payment of the loan.

In 2008, Harvey became the sole member of Kaydee Gardens. Consequently, the parties modified the documentation for the loan that then had an outstanding balance of $2,559,482.25. The loan was evidenced by a new promissory note but continued to be secured by the July 11, 2007 deed of trust.

Horizon Bank failed. In June 2011, the Federal Deposit Insurance Corporation, as receiver, assigned that bank's interest in the note, the deed of trust, and the guaranty to Washington Federal.

Based on the borrower's failure to make the periodic monthly payments due on the promissory note, the bank elected to commence a nonjudicial foreclosure proceeding. Moreover, Harvey failed to honor the guaranty.

In November 2011, the trustee under the deed of trust then held by Washington Federal conducted a sale based on the borrower's default. The

2

bank was the successful bidder at the sale. But it did not credit bid the full amount of the debt. Thus, a substantial deficiency allegedly remains.

In January 2012, the bank commenced this action against the Harveys to enforce the guaranty and to obtain a deficiency judgment based on the shortfall that remained after the trustee's sale.

The bank moved for summary judgment. The Harveys made a cross-motion for summary judgment. They argued that the Deeds of Trust Act prohibited the bank from seeking a deficiency judgment against them.

The trial court granted the Harveys' motion, denied the bank's motion, and dismissed this action with prejudice. The trial court also denied the bank's motion for reconsideration.

This appeal followed.

## THE DEEDS OF TRUST ACT

The bank argues that RCW 61.24.100(10) does not bar this action for a deficiency judgment against these guarantors. We agree.

This court reviews de novo summary judgment orders and engages in the same inquiry as the trial court.[3] Summary judgment is appropriate when there is no genuine issue of material fact, and the moving party is entitled to a judgment as a matter of law.[4]

---

[3] Cornish Coll. of the Arts v. 1000 Va. Ltd. P'ship, 158 Wn. App. 203, 215-16, 242 P.3d 1 (2010).

[4] CR 56(c).

Statutory construction is a question of law.[5] This court's objective is to determine the Legislature's intent.[6] "Where the language of a statute is clear, legislative intent is derived from the language of the statute alone."[7] "The 'plain meaning' of a statutory provision is to be discerned from the ordinary meaning of the language at issue, as well as from the context of the statute in which that provision is found, the related provisions, and the statutory scheme as a whole."[8]

In Washington Federal v. Gentry, we addressed the same issue as here: whether RCW 61.24.100(10) bars this action against the guarantors of this commercial loan.[9] There, we held this provision does not bar such an action.[10]

Here, the same principles that we applied in that case apply in this case. RCW 61.24.100(10) does not bar this action, even if this guaranty is secured by the deed of trust that was the subject of the prior trustee's sale for this commercial loan.

---

[5] City of Spokane v. Rothwell, 166 Wn.2d 872, 876, 215 P.3d 162 (2009).

[6] Id.

[7] Id.

[8] Id. at 876-77 (quoting State v. Jacobs, 154 Wn.2d 596, 600-01, 115 P.3d 281 (2005)).

[9] Gentry, No. 70004-9, slip op. at 12-13.

[10] Id.

4

The Harveys cite a 1998 WSBA newsletter to support their reading of RCW 61.24.100(10).[11] They argue that the newsletter supports their assertion that "RCW 61.24.100 reflects the legislative intent to preclude deficiency judgments against *secured* commercial loan guaranty obligations through subsection (10)."[12]

Assuming without deciding that the newsletter supports the Harveys' assertion, we disagree with the conclusion. We do so for the reasons fully explained in Gentry.

The Harveys also cite Beal Bank, SSB v. Sarich and Glenham v. Palzer.[13] They argue these cases show that "Washington courts have created a clear line of demarcation prohibiting deficiency actions on obligations secured by a non-judicially foreclosed deed of trust."[14] We again disagree.

While deficiency judgments against guarantors of loans are generally prohibited for deeds of trust that are not foreclosed as mortgages, there are specified exceptions for guarantors of certain commercial loans. The Harveys fall within an exception, specifically RCW 61.24.100(3)(c).

---

[11] Brief of Respondents at 27-29 (citing Craig A. Fielden, An Overview of Washington's 1998 Deed of Trust Act Amendments, WSBA REAL PROP., PROBATE & TRUST SECTION NEWSLETTER, Summer 1998 at 4).

[12] Id. at 28.

[13] Id. at 28-29 (citing Beal Bank, SSB v. Sarich, 161 Wn.2d 544, 167 P.3d 555 (2007); Glenham v. Palzer, 58 Wn. App. 294, 792 P.2d 551 (1990)).

[14] Id. at 28.

We next consider the other apparent bases for the trial court's ruling. In its letter ruling, the court stated:

> RCW 61.24.100 entitled: Deficiency Judgments, Foreclosure, Trustees Sale, Application of Chapter presents a fairly clear structure. The general rule is that: "Except to the extent permitted in this section for deeds of trust securing commercial loans, a deficiency judgment shall not be obtained on the obligations secured by a deed of trust against any borrower, grantor, or guarantor after a trustee's sale under that deed of trust." RCW 61.24.100(1). What this means to this court is that to sue for a deficiency judgment one must then qualify under one of the exceptions in this section. In this section there are three exceptions: (3), (6) and (10).
>
> **The Exceptions**: Under RCW 61.24.100(3), an action for a deficiency judgment may be pursued under **two narrow circumstances: (a) any decrease in fair market value caused by waste and (b) wrongful retention of any rents, insurance proceeds or condemnation awards.** Under RCW 61.24.100(6), an action for a deficiency judgment may be pursued against a **guarantor granting a deed of trust to secure its guaranty** but only to the extent stated in subsection (3)(a)(i) – which refers to waste and wrongful retention. Under RCW 61.24.100(10), an action for a deficiency judgment may be pursued against borrowers or guarantors if the obligation was not secured by a deed of trust. This one is more wide open. **But what it means is that if you do not qualify under (10) then you are limited to waste and wrongful retention as grounds for pursuing a deficiency judgment.**[15]

The trial court correctly stated the general rule. Deficiency judgments following a trustee's sale are generally prohibited. But, as the court recognized, there are exceptions. The court identified these "exceptions" as subsections (3), (6), and (10) of RCW 61.24.100. We consider each provision, in turn.

As we previously stated in this opinion and in <u>Gentry</u>, subsection (10) does not bar this action for a deficiency judgment against the guarantors of this

---

[15] Clerk's Papers at 10-11 (emphasis added).

commercial loan. The trial court's interpretation of this statute to the contrary was erroneous.

Additionally, a plain reading of subsection (6) shows that it is inapplicable to this case. There is no evidence in this record that Harvey "grant[ed] a deed of trust to secure [this] guaranty of a commercial loan."[16] Rather, they contend the Borrower/Grantor did so.

We also held in Gentry that subsection 3(c) is not limited by the provisions of subsection 3(a) and (b). Thus, waste and wrongful retention of funds does not restrict a lender's ability to seek a deficiency judgment against guarantors under subsection 3(c). To the extent the trial court held otherwise in this case, that was erroneous.

In sum, we conclude that RCW 61.24.100(10) does not preclude this action for a deficiency judgment against the guarantors of these commercial loans. The trustee's sale under the deed of trust securing this commercial loan does not bar this action. Moreover, this action is not barred by the limitations stated in RCW 61.24.100(3)(a) and (b).

## THE LOAN DOCUMENTS

Based on the incorrect premise that RCW 61.24.100(10) should be interpreted as they argue, the Harveys further argue that the guaranty was secured by the deed of trust securing this loan. Accordingly, they claim that the trustee's sale under the deed of trust bars this action for a deficiency judgment.

---

[16] RCW 61.24.100(6).

Even if we agreed with their premise, we would still disagree with their conclusion. We hold that the deed of trust does not secure Harvey's guaranty.

This court reviews de novo a trial court's interpretation of the language of a contract.[17] "When interpreting a contract our primary goal is to discern the intent of the parties, and such intent must be discovered from viewing the contract as a whole."[18]

Washington follows the "objective manifestation theory of contracts" to determine the parties' intent.[19] Courts focus on the "objective manifestations of the agreement, rather than on the unexpressed subjective intent of the parties."[20] "[W]hen interpreting contracts, the subjective intent of the parties is generally irrelevant if the intent can be determined from the actual words used."[21] This court does not "interpret what was intended to be written but what was written."[22]

Here, the first page of the deed of trust identifies the "Grantor" as Kaydee Gardens 9 LLC. Horizon Bank, the predecessor in interest to Washington

---

[17] Knipschield v. C-J Recreation, Inc., 74 Wn. App. 212, 215, 872 P.2d 1102 (1994).

[18] Weyerhaeuser Co v. Commercial Union Ins. Co., 142 Wn.2d 654, 669, 15 P.3d 115 (2000).

[19] Hearst Commc'ns, Inc. v. Seattle Times Co., 154 Wn.2d 493, 503, 115 P.3d 262 (2005).

[20] Id.

[21] Id. at 503-04.

[22] Id. at 504.

Federal, is identified as the "Grantee" or Beneficiary/Lender. Harvey is not a party to this deed of trust.

At page three of the deed of trust, the Grantor states what is secured:

THIS DEED OF TRUST, INCLUDING THE ASSIGNMENT OF RENTS AND THE SECURITY INTEREST IN THE RENTS AND PERSONAL PROPERTY, IS GIVEN TO SECURE (A) *PAYMENT* OF THE INDEBTEDNESS AND (B) *PERFORMANCE* OF ANY AND ALL OBLIGATIONS UNDER THE NOTE, THE RELATED DOCUMENTS, AND THIS DEED OF TRUST. THIS DEED OF TRUST, INCLUDING THE ASSIGNMENT OF RENTS AND THE SECURITY INTEREST IN THE RENTS AND PERSONAL PROPERTY, IS ALSO GIVEN TO SECURE ANY AND ALL OF *GRANTOR'S* OBLIGATIONS UNDER THAT CERTAIN CONSTRUCTION LOAN AGREEMENT BETWEEN *GRANTOR* AND LENDER OF EVEN DATE HEREWITH. ANY EVENT OF DEFAULT UNDER THE CONSTRUCTION LOAN AGREEMENT, OR ANY OF THE RELATED DOCUMETNS REFERRED TO THEREIN, SHALL ALSO BE AN EVENT OF DEFAULT UNDER THIS DEED OF TRUST. THIS DEED OF TRUST IS GIVEN AND ACCEPTED ON THE FOLLOWING TERMS:[23]

This provision discusses the *Grantor's* obligations. It does not mention the *guarantor's* obligations. The next paragraph further clarifies whose payment and performance obligations are secured by the deed of trust:

*PAYMENT AND PERFORMANCE.* Except as otherwise provided in this Deed of Trust, *Grantor* shall pay to Lender all amounts secured by this Deed of Trust as they become due, and shall strictly and in a timely manner perform all of *Grantor's* obligations under the Note, this Deed of Trust, and the Related Documents.[24]

Reading these two paragraphs together, the deed of trust must be read as securing the payment and performance obligations of the *Grantor*. There simply is no way to read these provisions so that this deed of trust secures the payment

---

[23] Clerk's Papers at 556 (emphasis added).

[24] Id. (some emphasis added).

and performance obligations of anyone other than the *Grantor*. Harvey, the guarantor of the loan, is not the *Grantor*. Thus, the deed of trust does not secure Harvey's guaranty.

Later in the deed of trust, another provision discusses full performance of the secured obligations:

> **FULL PERFORMANCE.** If *Grantor* pays all the Indebtedness when due, and otherwise performs all the obligations imposed upon *Grantor* under this Deed of Trust, Lender shall execute and deliver to Trustee a request for full reconveyance and shall execute and deliver to Grantor suitable statements of termination of any financing statement on file evidencing Lender's security interest in the Rents and the Personal Property.[25]

This language reinforces our conclusion. The exclusive focus is on the payment and performance obligations of the *Grantor* of the deed of trust. There is simply no mention of such obligations of Harvey, the guarantor.

In sum, we conclude when we read this deed of trust as a whole, it does not secure Harvey's guaranty. Accordingly, the argument that RCW 61.24.100(10) bars this action is wholly unpersuasive for a second reason.

The Harveys also rely on <u>First-Citizens Bank & Trust Co. v. Cornerstone Homes & Development, LLC</u>, a recent Division Two case provided to this court as supplemental authority in this case.[26] We note that in this case, Washington Federal submitted to the trial court in its motion for reconsideration copies of the loan documents, including the deeds of trust at issue in <u>First-Citizens</u>.[27] Thus,

---

[25] <u>Id.</u> at 559 (some emphasis added).

[26] __ Wn. App. __, 314 P.3d 420 (2013).

[27] Clerk's Papers at 94-181.

copies of the loan documents in <u>First-Citizens</u> are in this record. Comparing the respective loan documents, there are slight variations between the deeds of trust in that case and the deed of trust in this case.[28]

Nevertheless, in <u>Gentry</u>, we addressed why we disagree with the rationale and conclusion in <u>First-Citizens</u>.[29] Here, having compared the deeds of trust in that case with the deed of trust here, we note that they have similar provisions defining whose obligations are secured. In both cases, the secured obligations are limited to those of the "Grantors" under the deeds of trust. None state the secured obligations include those of the guarantor of the loan. Having confirmed in this case that the loan documents in <u>First-Citizens</u> contain similar language in material respects to that in the deed of trust here, we must disagree with the rationale of that case for this additional reason.

We note that the trial court in this case reached a conclusion similar to that in <u>First-Citizens</u>. It concluded that "the guaranty in this matter was a Related Document under the subject Deed of Trust clause." It reached this conclusion by construing the deed of trust instrument against the bank, the drafter:

> Even if ambiguous, at minimum, the ambiguity must be construed against the drafter, which means it is still subject to the Related Documents clause. As such, the guaranty was secured by the Deed of Trust. Given that security; to sue for deficiency requires that the plaintiff bank must meet either the conditions of either RCW 61.24.100(3) or (6). Since the deficiency sought by the bank is not based in either waste or wrongful retention its law suit must fail.[30]

---

[28] <u>Compare id.</u> at 119-27, 146-54, 169-77, <u>with id.</u> at 554-64.

[29] <u>Gentry</u>, No. 70004-9, slip op. at 17.

[30] Clerk's Papers at 11.

Construing the deeds of trust instruments against the drafter was also a rationale that Division Two pointed to in a footnote.[31]

As we stated in Gentry, the problem with this approach is that this rationale applies only where an instrument is ambiguous.[32] As we discussed previously in this opinion, the deed of trust in this case is not ambiguous when read as a whole. The Grantor expressly stated that the deed of trust secured the obligations of the *Grantor*. The *Grantor* did not include Harvey. Thus, this principle of interpretation does not apply in this case.

The Harveys also cite a Michigan case to supports it reading of the deed of trust.[33] In Greenville Lafayette LLC v. Elgin State Bank, the Michigan Court of Appeals examined a Michigan statute regarding foreclosure by advertisement.[34] As part of its analysis, the court concluded that "the plain language of the mortgage contract specifically includes guaranties in the indebtedness secured by the mortgage."[35] The court quoted some of the definitions from the mortgage that appear to be similar to the definitions in this case.[36] But we have no means

---

[31] First-Citizens Bank, 314 P.3d at 423 n.8.

[32] See Gentry, No. 70004-9, slip op. at 26 (citing Rouse v. Glascam Builders, Inc., 101 Wn.2d 127, 135, 677 P.2d 125 (1984)).

[33] Brief of Respondents at 17-18 (citing Greenville Lafayette, LLC v. Elgin State Bank, 296 Mich. App. 284, 818 N.W.2d 460 (2012)).

[34] 296 Mich. App. 284, 285, 818 N.W.2d 460 (2012).

[35] Id. at 291.

[36] Id. at 290.

of knowing if other relevant portions of the mortgage are the same or similar to the provisions of these loan documents that we have discussed previously in this opinion. Thus, we decline to rely on that case here.

In sum, the unambiguous language in the deed of trust shows that the Grantor under this instrument did not intend to secure Harvey's guaranty. RCW 61.24.100(10) simply does not apply to this case, even if we accepted the Harveys' erroneous interpretation of this statute. The bank may seek a deficiency judgment against the Harveys. The trial court erred when it granted the Harveys' motion for summary judgment, denied the bank's similar motion, and dismissed the complaint with prejudice.

Because of our resolution of the two issues in this opinion, we need not reach the third question: whether the waiver of anti-deficiency defenses language in the guaranty of payment is enforceable against the Harveys. In order to make clear that the trial court's decision on this question is not binding on these parties, we vacate that portion of that court's decision.

There is an outstanding issue that is not presently before us. The Harveys are entitled to a fair value hearing under RCW 61.24.100(5). That hearing has not yet occurred because the trial court decided this matter on summary judgment. Thus, remand for such a hearing is required.

## ATTORNEY FEES

The Harveys seek an award of attorney fees based on the contract provision in the guaranty. The bank reserves the right to seek fees under the same provision following remand and further proceedings.

Because a prevailing party has not yet been determined and will not be determined until after a fair value hearing under RCW 61.24.100(5) on remand, we decline to award fees now. That determination may be made by the trial court at such time as it makes an award of reasonable attorney fees.

We reverse and remand for further proceedings. We also vacate that portion of the trial court's decision concerning the enforceability of waiver of anti-deficiency defenses. We also deny an award of attorney fees as premature.

_Cox, J._

WE CONCUR:

_Spearman, J._     _Becker, J._