GREENVILLE LAFAYETTE, LLC v ELGIN STATE BANK

Docket No. 308450. Submitted April 10, 2012, at Lansing. Decided April
17, 2012, at 9:25 a.m.

Greenville Lafayette, LLC, obtained a loan from Elgin State Bank
and, to secure the loan, entered into a separate mortgage over
certain of its property in Montcalm County. The loan was also
secured by two separate commercial guaranties by Avi Banker and
Ahron Shulman. The loan matured and there was an outstanding
balance and attempts to renegotiate and extend the mortgage were
unsuccessful. The bank brought an action to collect on the two
commercial guaranties. The next month, while the action regard-
ing the guaranties was still pending, the bank sent Greenville a
notice of mortgage foreclosure sale that informed Greenville the
bank's intent to foreclose by advertisement on Greenville's real
property. Greenville filed a complaint in the Montcalm Circuit
Court, seeking an injunction against the foreclosure sale and a
declaratory judgment stating that the bank was not entitled to
proceed with the foreclosure sale pursuant to MCL 600.3204(1)(b).
The bank moved for summary disposition, arguing that Michigan
law permits foreclosure by advertisement while an action is
pending against a guarantor. The court, Suzanne Hoseth Kreeger,
J., agreed with the bank, granted the bank's motion for summary
disposition, and dismissed the action. Greenville appealed.

The Court of Appeals *held*:

Under Michigan law, a creditor generally may simultaneously
proceed against a guarantor and foreclose on mortgaged property
because the guarantee is an obligation separate from the mortgage
note. In this case, however, the mortgage contract specifically
includes the guaranties in the indebtedness secured by the mort-
gage. The guaranties are not obligations that are separate from the
mortgage note. The action that was instituted against the guar-
antors constituted an action to recover the debt secured by the
mortgage. The bank's foreclosure by advertisement was invalid
pursuant to the one-action rule provided in MCL 600.3204(1)(b),
which provides that a foreclosure by advertisement is permitted
only if an action or proceeding has not been instituted, at law, to

recover the debt secured by the mortgage or any part of the mortgage. The trial court erred by granting summary disposition in favor of the bank.

Reversed.

MORTGAGES — GUARANTORS — FORECLOSURES BY ADVERTISEMENT — ONE-ACTION RULE.

A creditor generally may simultaneously proceed against a guarantor and foreclose on mortgaged property because a guarantee is generally an obligation separate from the mortgage note; where the guaranties are specifically included in the mortgage debt by the terms of the mortgage agreement, the guaranties are not obligations that are separate from the mortgage note and an action that is instituted against the guarantors constitutes an action to recover the debt secured by the mortgage for purposes of the one-action rule that provides that a foreclosure by advertisement is permitted only if an action or proceeding has not been instituted, at law, to recover the debt secured by the mortgage or any part of the mortgage (MCL 600.3204[1][b]).

*Miller Johnson* (by *Robert W. O'Brien* and *Joseph J. Gavin*) for plaintiff.

*McShane & Bowie, P.L.C.* (by *Andrew C. Shier*), for defendant.

Before: HOEKSTRA, P.J., and SAWYER and SAAD, JJ.

PER CURIAM. Plaintiff appeals as of right the trial court's order dismissing its complaint, which sought an injunction against defendant's foreclosure by advertisement. Because we conclude that the plain language of MCL 600.3204 bars defendant's foreclosure action, we reverse.

This case arises out of defendant-mortgagee's foreclosure by advertisement of plaintiff-mortgagor's real property in Montcalm County. In early June 2007, plaintiff and defendant entered into a "Business Loan Agreement" for approximately $1.8 million. The same day, the parties entered into a separate mortgage agree-

ment to secure defendant's loan to plaintiff. In the mortgage agreement, plaintiff mortgaged to defendant real property it owned in Montcalm County. The $1.8 million loan was also secured by two separate commercial guaranties, each in the amount of $300,000, executed by Avi Banker and Ahron Shulman.

The loan matured on June 6, 2011, with plaintiff owing defendant an outstanding balance of approximately $1.7 million. Attempts to renegotiate and extend the mortgage were unsuccessful, and defendant sued to collect on the two commercial guaranties in August 2011. The next month, while the action regarding the guaranties was still pending, defendant sent plaintiff its "Notice of Mortgage Foreclosure Sale," which informed plaintiff of defendant's intent to foreclose by advertisement on plaintiff's real property.

On October 20, 2011, plaintiff filed its complaint. Plaintiff sought an injunction against defendant's pending foreclosure sale and a declaratory judgment stating that defendant was not entitled to proceed with the foreclosure sale according to MCL 600.3204(1)(b). Defendant answered the complaint, and subsequently filed a motion for summary disposition pursuant to MCR 2.116(C)(8), arguing that Michigan law permits foreclosure by advertisement while an action is pending against a guarantor. After hearing oral arguments, the trial court granted defendant's motion for summary disposition and held as a matter of law that defendant was entitled to foreclose by advertisement notwithstanding the existing legal action against the guarantors. Plaintiff now appeals the trial court's order.

We review de novo a decision on a motion for summary disposition. *Ligon v Detroit*, 276 Mich App 120, 124; 739 NW2d 900 (2007). A motion for summary disposition brought pursuant to MCR 2.116(C)(8) tests

the legal sufficiency of the complaint. *Maiden v Rozwood*, 461 Mich 109, 119; 597 NW2d 817 (1999). "All well-pleaded factual allegations are accepted as true and construed in a light most favorable to the nonmovant." *Id*. Summary disposition is only appropriate when "the claims are so clearly unenforceable as a matter of law that no factual development could possibly justify recovery." *Wade v Dep't of Corrections*, 439 Mich 158, 163; 483 NW2d 26 (1992). We also review questions of statutory and contract interpretation de novo. *Adair v Mich*, 486 Mich 468, 477; 785 NW2d 119 (2010); *Archambo v Lawyers Title Ins Corp*, 466 Mich 402, 408; 646 NW2d 170 (2002).

The statute at issue in this case, MCL 600.3204(1), provides:

> Subject to subsection (4), a party may foreclose a mortgage by advertisement if all of the following circumstances exist:
>
> (a) A default in a condition of the mortgage has occurred, by which the power to sell became operative.
>
> (b) An action or proceeding has not been instituted, at law, to recover the debt secured by the mortgage or any part of the mortgage; or, if an action or proceeding has been instituted, the action or proceeding has been discontinued; or an execution on a judgment rendered in an action or proceeding has been returned unsatisfied, in whole or in part.
>
> (c) The mortgage containing the power of sale has been properly recorded.
>
> (d) The party foreclosing the mortgage is either the owner of the indebtedness or of an interest in the indebtedness secured by the mortgage or the servicing agent of the mortgage.

"The primary goal of statutory interpretation is to give effect to the Legislature's intent, focusing first on the statute's plain language." *Klooster v City of Charlevoix*, 488 Mich 289, 296; 795 NW2d 578 (2011). The

language is read according to its "ordinary and generally accepted meaning." *Oakland Co Bd of Co Rd Comm'rs v Mich Prop & Cas Guaranty Ass'n*, 456 Mich 590, 599; 575 NW2d 751 (1998). "Where the language of a statute is clear, [this Court] will enforce the statute as written because the Legislature must have intended the meaning it plainly expressed." *Id.*

The parties agree that §§ 3204(1)(a), (c), and (d) are satisfied. Accordingly, the outcome of this case turns on the interpretation of § 3204(1)(b); whether "[a]n action or proceeding has not been instituted, at law, to recover the debt secured by the mortgage or any part of the mortgage . . . ." In the trial court, the parties relied on *United States v Leslie*, 421 F2d 763, 766 (CA 6, 1970),[1] to support their arguments regarding the proper interpretation of the statute. Plaintiff argued that *Leslie* is distinguishable from the instant case, whereas defendant argued that this case is factually similar to *Leslie*. The trial court adopted the reasoning of defendant and granted summary disposition in its favor.

Under Michigan law, a creditor generally may simultaneously proceed against a guarantor and foreclose on a mortgaged property because the guaranty is an obligation separate from the mortgage note. *Id.* See also *Mazur v Young*, 507 F3d 1013, 1019 (CA 6, 2007) (deciding issue under Michigan law, stating "[t]hat a guaranty agreement is an independent, collateral agreement is what allows a seller to proceed against a guarantor without having first exhausted the foreclosure remedy against the buyer.").[2] In *Church & Church*,

---

[1] The statute at issue in *Leslie* was a previous version of MCL 600.3204 that was substantially the same in all material respects.

[2] Decisions of the federal courts of appeals are persuasive, but not binding. *Abela v Gen Motors Corp*, 469 Mich 603, 607; 677 NW2d 325 (2004).

*Inc v A-1 Carpentry*, 281 Mich App 330, 341; 766 NW2d 30 (2008), vacated in part and aff'd in part on other grounds 483 Mich 885 (2009), this Court relied on the decision in *Leslie* in interpreting MCL 600.3204, stating:

> [T]he intention of the Legislature with respect to the foreclosure statutes was to force an election of remedies by a mortgagee concerning a single debt: i.e., the same mortgagee cannot simultaneously maintain a lawsuit for judicial foreclosure and a foreclosure by advertisement, because it would allow for double recovery on the same debt.

The facts of *Leslie* are similar to this case in that *Leslie* involved a mortgage foreclosure and a personal guaranty. In *Leslie*, the United States government commenced an action against the defendants-guarantors of a promissory note after the mortgagor corporation defaulted on its payments under the note. *Id.* at 764. After the government sought to enforce the guaranty contracts, the government filed a separate action for foreclosure by advertisement. *Id.* at 764-765. At trial, the guarantors argued that the applicable Michigan statute prohibited simultaneous actions for both foreclosure and enforcement of the guaranty contracts. *Id.* at 765.

The *Leslie* court held that the government was permitted to maintain both actions. *Id.* at 766. The court explained that the statute was intended to prevent the mortgagor from losing the mortgaged property and being held personally liable for the debt. *Id. Leslie* further explained that the statute was intended to protect the mortgagor, not the guarantors of a note. *Id.* The court concluded:

> In the case before us, the debtor-mortgagor is [the corporation], not the defendants individually. No action was maintained against [the corporation] on the debt. The

action in the District Court was brought against the defendants in their capacity as guarantors. The guaranty is an obligation separate from the mortgage note. It is simply not the "debt" to which the statute refers. [*Id.* at 766.]

On appeal, plaintiff argues that this case is distinguishable from *Leslie* and its progeny because the mortgage specifically defines the "indebtedness" as including the guaranties. Accordingly, plaintiff argues, the mortgage itself includes the guaranties in the mortgage debt, distinguishing this case from *Leslie* because the mortgage and the guaranties are not separate. Further, plaintiff maintains, because the mortgage specifically defines its indebtedness to include the guaranties, the action against the guarantors constituted an action "to recover the debt secured by the mortgage" pursuant to § 3204(1)(b), thereby rendering the foreclosure by advertisement invalid.[3]

The mortgage in this case provides that it is "given to secure" payment of the "indebtedness." The mortgage further defines "indebtedness" to mean "all principal, interest, and other amounts, costs and expenses payable under the Note or Related Documents . . . ." "Related Documents" is defined to mean "all promissory notes, credit agreements, loan agreements, environmental agreements, *guaranties*, security agreements, mortgages, deeds of trust, security deeds, collateral mortgages, and all other instruments, agreements and

---

[3] Defendant argues on appeal that this specific argument is not preserved; however, we note that while plaintiff did not present the identical argument in the trial court, the central issue there was the same as the central issue here: whether the guaranties are part of the "debt secured by the mortgage." Nevertheless, even if plaintiff's argument were unpreserved, we would address the argument because it involves a question of law for which the record before us contains all the facts necessary for resolution. *Farmers Ins Exch v Farm Bureau Gen Ins Co of Mich*, 272 Mich App 106, 118; 724 NW2d 485 (2006).

documents, whether now or hereafter existing, executed in connection with the Indebtedness" (emphasis added).

The goal of contract interpretation is to read the document as a whole and apply the plain language used in order to honor the intent of the parties. *Dobbelaere v Auto-Owners Ins Co*, 275 Mich App 527, 529; 740 NW2d 503 (2007). We must enforce the clear and unambiguous language of a contract as it is written. *Frankenmuth Mut Ins Co v Masters*, 460 Mich 105, 111; 595 NW2d 832 (1999).

We agree with plaintiff that the plain language of the mortgage contract specifically includes guaranties in the indebtedness secured by the mortgage. This fact distinguishes the instant case from the case in *Leslie* because in holding that simultaneous actions to collect from the guarantors and to foreclose on the mortgage did not violate the precursor to MCL 600.3204, the court in *Leslie* specifically noted that "[t]he action in the District Court was brought against the defendants in their capacity as guarantors. The guaranty is an obligation separate from the mortgage note." *Leslie*, 421 F2d at 766. In this case the guaranties are included in the mortgage debt by the terms of the mortgage agreement, and accordingly are not obligations that are separate from the mortgage note. The parties do not cite any case that considered MCL 600.3204 under circumstances where the guaranties were incorporated into the mortgage debt, and we could find no such case. The statute does not define "the debt secured by the mortgage," and logically, "the debt secured by the mortgage" must be defined by the mortgage itself.

On the basis of the plain language of the mortgage and the plain language of the statute, we conclude that the trial court erred by granting summary disposition

to defendant. In this case, the action that was instituted against the guarantors constituted an action to recover the debt secured by the mortgage because the mortgage specifically included the guaranties as part of the debt secured by the mortgage.[4] Consequently, defendant's foreclosure by advertisement was invalid pursuant to the one-action rule, which provides that a foreclosure by advertisement is permitted only if "[a]n action or proceeding has not been instituted, at law, to recover the debt secured by the mortgage or any part of the mortgage . . . ." MCL 600.3204(1)(b).

Reversed.

HOEKSTRA, P.J., and SAWYER and SAAD, JJ., concurred.

---

[4] We note that the mortgage uses the term "indebtedness," while the statute uses the term "debt" in § 3204(1)(b). We find that this slight distinction in the terms used does not change the analysis in this case because the terms are used to refer to the same thing. This Court should interpret the words in a contract according to their ordinary meaning, and a dictionary may be used to determine the ordinary meaning of a word or a phrase. *Vushaj v Farm Bureau Gen Ins Co of Mich*, 284 Mich App 513, 515-516; 773 NW2d 758 (2009). "Indebtedness" is defined to mean the state of being "obligated to repay money" and as "something owed;" and "debt" is defined to mean "something that is owed or that one is bound to pay to or perform for another; a liability or obligation to pay or render something." *Random House Webster's College Dictionary* (1992). It is plain that the terms are synonymous as used in the mortgage and the statute. This point is further supported by the fact that the statute, in § 3204(1)(d), states that "[t]he party foreclosing the mortgage is either the owner of the indebtedness or of an interest in the indebtedness secured by the mortgage or the servicing agent of the mortgage." The statute clearly uses the term's usage of the term "indebtedness" synonymously with "debt."