# STATE OF MICHIGAN

# COURT OF APPEALS

---

CITIZENS BANK, a/k/a FIRSTMERIT BANK, N.A.,

          Plaintiff-Appellee,

v

RANDIE K. BLACK,

          Defendant-Appellant.

UNPUBLISHED
July 23, 2015

No. 318107
Ingham Circuit Court
LC No. 13-000866-AV

---

CITIZENS BANK, a/k/a FIRSTMERIT BANK, N.A.,

          Plaintiff/Counter Defendant-
          Appellee,

v

RANDIE K. BLACK,

          Defendant/Counter Plaintiff-
          Appellant,

and

BLACK LAW OFFICES,

          Defendant/Counter Plaintiff.

No. 318981
Ingham Circuit Court
LC No. 11-001186-CK

---

BLACK LAW OFFICES, P.C.,

          Plaintiff,

and

RANDIE K. BLACK,

          Plaintiff-Appellant,

v                                                   No.  318982
                                                    Ingham Circuit Court
CITIZENS BANK a/k/a FIRSTMERIT BANK,                LC No.  11-000017-CZ
N.A.,

                    Defendant-Appellee,
and

JOHN DOE 1 THROUGH 10,

                    Defendants.

Before:  RONAYNE KRAUSE, P.J., and MURPHY and SERVITTO, JJ.

PER CURIAM.

Appellant Randie K. Black (Black) appeals various orders entered by the circuit and district courts relative to her dispute with appellee Citizens Bank, a/k/a FirstMerit Bank, N.A. (the bank), regarding the loss of her property through foreclosure.  We affirm.

At the heart of these consolidated appeals arising from three muddled lower court cases is a challenge by Black of a foreclosure by advertisement, sheriff's sale, and subsequent summary-proceedings eviction pursued by the bank, which held two promissory notes that were in default and had been executed by Black as obligor, one of which was secured by a mortgage on Black's later foreclosed-upon law office building.[1]  Black and Black Law Offices, P.C. (BLO), actually initiated the litigation by filing a suit against the bank and others, alleging a variety of tort, contract, and statutory claims regarding purported improprieties related to Black's line of credit

---

[1] The note secured by the mortgage on Black's law office, which arose from a commercial loan, was executed in 2000 and had a maturity date of April 2005.  In 2003, an agreement was reached to amend the note, and the maturity date was extended to April 2008.  In March 2008, the note was amended pursuant to a forbearance agreement, extending the maturity date to April 2011.  Despite negotiations, no further accommodations or agreements could be reached, and Black eventually defaulted on the note.  With respect to the underlying history of the second promissory note, in 2004, a home equity line of credit for Black had been established and it expired in 2009, with Black owing almost the full amount of the line of credit.  To address the resulting outstanding debt, Black, in early 2010, executed the second note, and it represented the full amount due and owing under the line of credit, giving Black an opportunity to satisfy the debt over the course of 20 years via monthly payments.  The second note was secured by a mortgage on Black's private residence.  Despite negotiations, which also encompassed the first note, no further accommodations or agreements could be reached, and Black eventually defaulted on the second note.  The bank never pursued foreclosure of Black's home relative to the default on the second note.

-2-

and associated negative credit reports for late payments. The parties then stipulated to a dismissal of this suit without prejudice. The bank later commenced a separate collection action against Black on the two defaulted promissory notes, seeking money damages at law for breach of contract. Black and BLO proceeded to file an amended complaint against the bank under the same lower court docket number assigned to their action that had been dismissed, again alleging a variety of tort, contract, and statutory claims. Eventually that improperly-filed amended complaint in the defunct suit was treated as, or became, a counterclaim in the bank's action on the two notes; the two suits were, in effect, consolidated below, and we shall hereafter refer to them as the "civil suit" in the singular.[2]

Shortly after the bank had commenced the civil suit to collect on the two promissory notes, it initiated a foreclosure by advertisement with respect to the mortgage applicable to the first secured note (hereafter the "law-office note"), thereby maintaining two remedial tracks in regard to obtaining relief concerning that one particular debt. While the circuit court initially granted Black a temporary restraining order (TRO) in regard to a scheduled sheriff's sale, the court subsequently dissolved the TRO and the mortgaged real estate was sold to the bank at the sheriff's sale, which was followed by the running and expiration of the redemption period absent redemption by Black. The sheriff's deed inaccurately proclaimed that "no suit or proceedings at law or in equity have been instituted to recover the debt secured by . . . [the] mortgage[.]" After expiration of the redemption period, two orders were entered by the circuit court in the civil suit on motions filed by the bank. These orders provided that the sheriff's sale was valid, that Black no longer had an interest in the property (law office building), that third-party lease contracts executed by Black relative to the property were void, that the bank's claim for money damages regarding the law-office note was dismissed in light of the foreclosure, that the bank was awarded summary judgment relative to the claim for money damages pertaining to the second note (hereafter the "home note"), that Black's counterclaim was summarily dismissed, and that an award of attorney fees and costs was reserved for later resolution.

Pursuant to MCL 600.5701 *et seq.*, and MCR 4.201, which govern summary proceedings to recover the possession of premises, the bank next initiated an eviction action in the district court relative to the law office building. The eviction action resulted in the entry of a default possession judgment in favor of the bank and the denial of multiple post-judgment motions filed by Black. And the circuit court then denied Black's delayed application for leave to appeal that challenged the district court's rulings.[3] About two months after the circuit court's denial of Black's appeal of the district court's decisions, the circuit court entered a stipulated final order in the civil suit that awarded the bank $4,000 in attorney fees.

---

[2] These two lawsuits formed LC Nos. 11-000017-CZ and 11-001186-CK (COA Docket Nos. 318982 and 318981, respectively).

[3] The summary proceedings action for eviction filed in the district court and the circuit court's rejection of Black's appeal of the district court's rulings formed LC No. 13-000866-AV (COA Docket No. 318107). We note that the circuit court judge who handled the district court appeal was a different judge than the one who presided over the civil suit.

Black appealed by claim of right the circuit court's rulings in the civil suit to this Court[4] and, with respect to the circuit court's appellate decision affirming the district court's possession judgment, Black appealed to us by way of a delayed application for leave. This Court denied the application and the subsequent motion for reconsideration. *Citizens Bank v Black*, unpublished orders of the Court of Appeals, entered January 30 and March 26, 2014 (Docket No. 318107). However, in lieu of granting leave to appeal, our Supreme Court remanded the matter "for consideration on leave granted," directing our attention to the fact that the appeals with respect to the related civil suit were pending in this Court. *Citizens Bank v Black*, 497 Mich 899; 856 NW2d 34 (2014). Thereafter, this Court consolidated all of the appeals. *Citizens Bank v Black*, unpublished order of the Court of Appeals, entered January 23, 2015 (Docket Nos. 318107, 318981, and 318982).

On appeal, Black first argues that the foreclosure proceeding was invalid, given that the bank pursued the foreclosure by advertisement with respect to the law office building while it concomitantly maintained the civil suit to collect money damages on the debt associated with the law-office note, thereby violating MCL 600.3204(1)(b). Black additionally contends that the foreclosure sale was invalid because the sheriff's deed included the false recitation that no legal action to collect on the underlying debt had been instituted. Black next maintains that the circuit court erred in summarily dismissing her counterclaim in the civil suit. Finally, Black argues that the district court erred in refusing to vacate the judgment of possession, considering that the service and notice related to the summary proceedings for eviction were defective, and that the circuit court therefore erred in denying her appeal of the district court's faulty possession judgment. We hold that none of Black's arguments warrant reversal.

MCL 600.3204 provides, in pertinent part, as follows:

> (1) A party may foreclose a mortgage by advertisement if all of the following circumstances exist:
>
> . . .
>
> (b) An action or proceeding has not been instituted, at law, to recover the debt secured by the mortgage or any part of the mortgage or, if an action or proceeding has been instituted, either the action or proceeding has been discontinued or an execution on a judgment rendered in the action or proceeding has been returned unsatisfied, in whole or in part.

This statutory provision has been referred to as the "one-action rule," and it reflects a legislative intent to force an election of remedies by a mortgagee with respect to a single debt, precluding simultaneous maintenance of a lawsuit on the debt and foreclosure by advertisement,

---

[4] Again, the civil suit was actually comprised of two lower court docket numbers, and two separate appeals to this Court were filed; this Court consolidated those appeals. *Citizens Bank v Black*, unpublished order of the Court of Appeals, entered December 17, 2013 (Docket Nos. 318981 and 318982).

and thereby avoiding double recovery on the same debt. *Greenville Lafayette, LLC v Elgin State Bank*, 296 Mich App 284, 289-292; 818 NW2d 460 (2012). We are surprised that the bank ignored this long-established Michigan rule applicable to the recovery of debts secured by a lien or mortgage on real property, where it filed the civil suit and then within two weeks, with the suit pending, initiated the foreclosure. We question the bank's assertion that it effectively "discontinued" the civil suit regarding the law-office note; there was no voluntary dismissal of the claim pertaining to this note. In the bank's motion for summary disposition filed after the sheriff's sale and the expiration of the statutory redemption period, the bank still sought a money judgment on the claim regarding the law-office note, "less appropriate offsets."[5]

Nevertheless, reversal is not merited in this case. In *Kim v JPMorgan Chase Bank, NA*, 493 Mich 98; 825 NW2d 329 (2012), our Supreme Court addressed a violation of MCL 600.3204 in conducting a foreclosure by advertisement.[6] The *Kim* Court held:

> [W]e hold that defects or irregularities in a foreclosure proceeding result in a foreclosure that is voidable, not void *ab initio*. Because the Court of Appeals erred by holding to the contrary, we reverse that portion of its decision. We leave to the trial court the determination of whether, under the facts presented, the foreclosure sale of plaintiffs' property is voidable. In this regard, to set aside the foreclosure sale, plaintiffs must show that they were prejudiced by defendant's failure to comply with MCL 600.3204. To demonstrate such prejudice, they must show that they would have been in a better position to preserve their interest in the property absent defendant's noncompliance with the statute. [*Id.* at 115-116.]

In support, the Court cited *Kuschinski v Equitable & Central Trust Co*, 277 Mich 23; 268 NW 797 (1936), wherein, as characterized by the *Kim* Court, a foreclosure was allowed to stand even though it had been conducted in violation of a court's restraining order. *Kim*, 493 Mich at 114-115. The *Kim* Court also relied on *Feldman v Equitable Trust Co*, 278 Mich 619, 624-625; 270 NW 809 (1937), wherein the Supreme Court refused to invalidate a foreclosure because there was no harm to the homeowner, even though the foreclosure had been conducted absent the recording of all mortgage assignments. *Kim*, 493 Mich at 115.

Here, Black did not advance any arguments below, nor does she on appeal, asserting that she would have been in a better position to preserve her interest in the property absent the bank's

---

[5] This is not a situation in which the bank pursued foreclosure by advertisement *and then after the foreclosure was fully completed* filed suit in order to obtain a deficiency judgment, as permitted by MCL 600.3280. Indeed, there was a deficiency here of about $34,000, as claimed by the bank, but the circuit court refused to enter a deficiency judgment, as on offset, regarding the law-office note because of the bank's failure to follow the proper procedure.

[6] Rulings on motions for summary disposition are reviewed de novo on appeal, as well as matters of statutory interpretation and questions of law generally. *Kim*, 493 Mich at 105; *Oakland Co Bd of Co Rd Comm'rs v Mich Prop & Cas Guaranty Ass'n*, 456 Mich 590, 610; 575 NW2d 751 (1998).

noncompliance with MCL 600.3204(1)(b).[7]  Instead, Black argues that the rule or principle from *Kim* only applies where there was a defect in the foreclosure process itself, e.g., insufficient notice, and not to an "election of remedies" problem.  We do not read *Kim* that narrowly. Indeed, as reflected above, the Court broadly observed that mortgagors "must show that they were prejudiced by . . . [a] failure to comply with MCL 600.3204." *Kim*, 493 Mich at 115.  And this case presents a failure to comply with MCL 600.3204.  Furthermore, there was a defect or irregularity in the foreclosure process comparable to a notice problem, i.e., it should not have been commenced with the civil suit pending, just as the foreclosure proceeding in *Kuschinski* should not have been commenced because a TRO had been issued enjoining any foreclosure, and just as a foreclosure should not be pursued absent notice.  In sum, a showing of prejudice was required, and it was not established.  And the bank did not obtain a double recovery.  In fact, the bank was not even made whole, given that the circuit court thwarted the bank's effort to obtain a deficiency judgment.

Black argues that *Greenville Lafayette* dictates a different result.  We disagree.  In *Greenville Lafayette*, the plaintiff obtained a business loan from the defendant bank, which was secured by a mortgage on real property owned by the plaintiff, as well as being secured by two commercial guarantees.  The loan matured, with the plaintiff owing a substantial outstanding balance, and, after attempts to renegotiate and extend the mortgage failed, the defendant bank sued the guarantors in court on the two commercial guaranties.  With that action pending, the defendant bank initiated a foreclosure by advertisement by sending a notice informing the plaintiff of its intent to foreclose on the mortgage securing the loan.  The plaintiff filed a complaint seeking an injunction to halt the pending sheriff's sale, arguing that MCL 600.3204(1)(b) (one-action rule) precluded the scheduled foreclosure sale in light of the lawsuit against the guarantors.  The trial court granted summary disposition in favor of the defendant bank, finding that the legal action against the guarantors did not bar the foreclosure by advertisement under MCL 600.3204(1)(b).  *Greenville Lafayette*, 296 Mich App at 285-286.

The plaintiff appealed the trial court's order, and this Court reversed the court's ruling, concluding that the foreclosure by advertisement violated the one-action rule.  *Id.* at 292.  The focus of this Court's opinion was entirely on whether the action against the guarantors and not the plaintiff itself qualified under the language in MCL 600.3204(1)(b) as "[a]n action . . . at law[] to recover the debt secured by the mortgage[.]" *Greenville Lafayette*, 296 Mich App at 288-292.  In ruling that MCL 600.3204(1)(b) was implicated, the panel agreed with the "plaintiff that the plain language of the mortgage contract specifically include[d] guaranties in the indebtedness secured by the mortgage." *Id.* at 291.  The Court then held:

> On the basis of the plain language of the mortgage and the plain language of the statute, we conclude that the trial court erred by granting summary disposition to defendant. In this case, the action that was instituted against the guarantors constituted an action to recover the debt secured by the mortgage because the mortgage specifically included the guaranties as part of the debt

---

[7] The circuit court effectively found that, under *Kim*, Black had not established any prejudice.

-6-

secured by the mortgage. Consequently, defendant's foreclosure by advertisement was invalid pursuant to the one-action rule . . . . [*Id.* at 291-292.]

As gleaned by our discussion of *Greenville Lafayette*, the Court did not even address the question whether a completed foreclosure sale conducted in violation of MCL 600.3204(1)(b) is voidable or void *ab initio*. Given the procedural posture of the case, which is entirely different than the posture here, it is not even clear whether an actual sheriff's sale took place in *Greenville Lafayette* before the matter was appealed to and decided by this Court. Moreover, *Kim* was decided ten months later and clearly controls relative to a violation of MCL 600.3204. Black's reliance on *Greenville Lafayette* is unavailing.

Additionally, this Court's opinion in *Bryan v JPMorgan Chase Bank*, 304 Mich App 708; 848 NW2d 482 (2014), creates an obstacle to Black's position. The *Bryan* panel held that a mortgagor lacks standing to challenge a foreclosure after expiration of the redemption period, considering that, upon expiration, all rights in and title to property are extinguished under MCL 600.3236. *Id.* at 713-715. While Black challenged the foreclosure prior to the sheriff's sale and expiration of the redemption period, she never presented an argument under the one-action rule during that stage of the proceedings, first raising the subject following the expiration of the redemption period. Accordingly, *Bryan* would indicate that she lacked standing to argue the one-action rule. We note the circuit court's understandable consternation that Black had not raised any concerns about the one-action rule during the redemption period, nor during the TRO proceedings with respect and prior to the scheduled sheriff's sale.

In a supplemental brief filed by Black pursuant to a motion granted by this panel following oral argument, Black argues that *Bryan* "has nothing to do with this appeal." Black maintains that *Bryan* is not applicable given that it did not concern redemption following a violation of the one-action rule. *Bryan* addressed a claim that the defendant bank had failed to record its mortgage interest prior to the foreclosure sale as required by MCL 600.3204(3). *Bryan*, 304 Mich App at 711. As she did *Kim*, Black reads *Bryan* much too narrowly, as the clear language in *Bryan* stands for the broad proposition that failure to challenge an alleged faulty foreclosure sale within the applicable redemption period – for whatever reason – deprives a party of standing to later challenge that sale. *Bryan* simply cannot be read to have no application to a violation of MCL 600.3204(1)(b).

Black further contends that if we affirm the lower court rulings, "the net effect will be to permit a bank to simultaneously prosecute a collections action coupled with a mortgage foreclosure and impose on the mortgagor the burden of proving any prejudice which results – despite the clear language of MCL 600.3204(1)(b)." We again disagree. In most instances, a mortgagor will challenge *during the course of the proceedings* any attempt by a mortgagee to seek both foreclosure and a legal action on the debt, and if the mortgagee has indeed violated the one-action rule, nothing in this opinion can or should be construed as precluding the entry of an injunction to stop the violation, with the court forcing the mortgagee to make an election of remedies consistent with *Greenville Lafayette*. Our opinion does not provide any support whatsoever for the proposition that the mortgagee, in our example, could defeat a request for an injunction by arguing that both remedies can be pursued absent a showing of prejudice. As in *Kim* and *Bryan*, we are addressing a fact pattern where the foreclosure sale had been completed and then the mortgagor challenged the sale, and, in that instance, *Kim* requires a showing of

prejudice to void the sale and *Bryan* requires a timely challenge. And ultimately a double recovery will likely never be made.[8]

With respect to the language in the sheriff's deed inaccurately indicating that no legal suit had been instituted on the debt, which matter is necessarily intertwined with the issue concerning the one-action rule, the error again involves a defect or irregularity in the foreclosure proceeding, and Black has not established the requisite prejudice. And Black runs afoul, once again, of the standing requirement in *Bryan*. Because of the inaccurate recitation in the sheriff's deed, Black claims a violation of MCL 566.101, which provides:

> Every conveyance of any estate or interest in lands, or the rents and profits of lands, and every charge upon lands or upon the rents and profits thereof, made or created with intent to defraud prior or subsequent purchasers for a valuable consideration, of the same lands, rents or profits, as against such purchasers, shall be void.

Here, there was no evidence of an intent to defraud anyone by way of the sheriff's deed. Moreover, no party was defrauded, as the bank itself was the purchaser of the property at the sheriff's sale, and Black was fully aware of the foreclosure proceeding, the sheriff's sale, *and* the civil suit on the law-office note. And certainly no party was defrauded for a valuable consideration. The bank did not receive a double recovery on the note, nor even a full compensatory recovery, despite Black's indisputable default on the law-office note. MCL 566.101 has no application in this case.

Black next argues that the circuit court erred in summarily dismissing the counts in her counterclaim. As part of the bank's motion for summary disposition under MCR 2.116(C)(10), it addressed each of the tort, contract, and statutory claims alleged by Black, citing applicable authorities, providing abundant supporting documentary evidence, and engaging in the necessary legal analysis. In a response brief that is difficult at times to decipher, Black cursorily claimed that summary disposition was premature and that facts abounded. There was no attempt to couch any arguments in the context of the specific causes of action that Black had pled and there was no legal analysis or recitation of authorities relative to the causes of action. Black failed to specifically challenge or confront the precise arguments posed by the bank in favor of summary disposition. The circuit court was clearly frustrated with Black, stating that the bank's arguments "are not even responded to," that Black failed to counter with relevant supporting documentary evidence, and that Black's claims "ma[d]e no sense." On appeal, Black now presents some unpreserved arguments that provide a bit more particularity with respect to the causes of action.

---

[8] If a mortgagee purchased foreclosed-upon property at a sheriff's sale and also pursued and obtained a money judgment in a legal action on the same debt, and if the mortgagor did not challenge the foreclosure before expiration of the redemption period, the mortgagor would still generally have the ability to challenge the money judgment under MCR 2.612, arguing double recovery.

We affirm the circuit court's ruling summarily dismissing Black's counterclaim, given that her response to the bank's properly made and supported motion for summary disposition was woefully inadequate under MCR 2.116(G)(4), that many of her arguments on appeal were not preserved below, *Fast Air, Inc v Knight*, 235 Mich App 541, 549; 599 NW2d 489 (1999), and that Black could not simply maintain below that summary disposition was premature without identifying a specific disputed issue, *St Clair Med, PC v Borgiel*, 270 Mich App 260, 271; 715 NW2d 914 (2006). As to her speculative claim about the need for additional discovery, Black has failed to convince us that she stands a fair chance of uncovering factual support for her counterclaim. *Caron v Cranbrook Ed Community*, 298 Mich App 629, 645-646; 828 NW2d 99 (2012). The counterclaim fails as a matter of law, and reversal is unwarranted.

Finally, Black argues that the district court erred by not vacating the possession judgment, where the bank failed to properly serve her with the summons and complaint to recover possession, depriving the court of personal jurisdiction over Black, and where she was not given proper notice of the eviction hearing on the complaint.

We first note that Black did not raise the issue of personal jurisdiction in her first motion before the district court; therefore, the issue was waived. *Electrolines, Inc v Prudential Assurance Co, Ltd*, 260 Mich App 144, 163-164; 677 NW2d 874 (2003). Moreover, assuming that the bank failed to comply with all the specific requirements of MCR 4.201(D) regarding the service of process in summary proceedings to recover the possession of premises, the failure, in and of itself, is not grounds for setting aside the possession judgment. Unless specifically provided otherwise in MCR 4.201 or MCL 600.5701 *et seq.*, the general Michigan Court Rules govern. MCR 4.201(A). And MCR 2.105(J)(3) states that "[a]n action shall not be dismissed for improper service of process unless the service failed to inform the defendant of the action within the time provided in these rules for service." The record reflected that Black acknowledged receipt of an e-mail that contained the summons and a tentative hearing date. While this would not be sufficient to comport with the requirements of MCR 4.201(D), it established that Black was fully aware of the eviction action and hearing. Additionally, and importantly, the district court ultimately entertained and addressed extensive arguments on the merits and substance of Black's foreclosure and eviction challenges, issuing a fairly-detailed opinion in rejecting those arguments. It is clear to us, as it was to the circuit and district court judges involved in these cases, that delaying and stalling efforts, needless litigation, and gamesmanship were all employed by Black in her attempt to fend of the inevitable foreclosure and eviction. Black was well aware of the unfolding eviction events, and none of her arguments changed the plain and undisputed facts that she had defaulted on the law-office note and mortgage, that Black did not redeem the property following foreclosure, and that the bank was entitled to a judgment of possession. Reversal is unwarranted.

Affirmed. Having fully prevailed on appeal, the bank is awarded taxable costs pursuant to MCR 7.219.

/s/ Amy Ronayne Krause
/s/ William B. Murphy
/s/ Deborah A. Servitto

-9-